I'm Billy Wilkins, and along with Kirsten Small, we represent the appellates in this case. First of all, let me begin by saying that today the government concedes that Granby and Marathon are separate legal entities and that both are the prevailing parties in the litigation in the district court. Prevailing parties not just as to a single issue, but prevailing parties as to the entire case. And now, before this court, the government no longer maintains that its pre-litigation position and indeed the position it took during the entire first half of this lawsuit is not substantially justifiable. In fact, it concedes that its position, pre-litigation position, was not substantially justifiable. As this court well knows, the Fifth Amendment provides it. If the government is going to take somebody's property, they've got to provide just compensation. And as our Supreme Court said over 30 years ago in the Almeida Farmers case, just compensation includes not only the value of the land, but the improvements as well. The government now concedes that twice it instructed its appraiser not to include the improvements to the land. Now, the general services regional administrator declared in his declaration of taking that he filed with the district court. The sum estimated by me, he said, as just compensation is $6,175,000. The landowner said, Granby being the landowner, but its principal member said, wait a minute, we owe the bank more than that, Commonwealth, Bank of the Commonwealth. GSA said, too bad, we've got our appraisal and that's all we're going to pay you. The landowner said, well, show me the appraisal. I want to know where these numbers come from. What did the government say? Nothing. Stonewall. We're not going to give it to you. I think that it's fairly clear, and I'll ask the government as well, that the pre-litigation position not taking into consideration the improvements appears unreasonable. And what the district court appeared to do is to look at all the facts and decide that the post-litigation activities counterbalance that. And it is subject to an abuse of discretion. So that's one concern I have. But the question, and perhaps you can elaborate on this because I think it's a strong point for you, is that the pre-litigation position arguably could have provided the incentive for the parties to go to trial. And that it was in reliance on that pre-litigation posture that indicated to you that you had to litigate. And so you were prejudiced in that regard, regardless of the post-litigation position. If you understood that to be a question. Well, this court, first of all, every circuit to have addressed this issue, every circuit, I go through the Second, Fifth, Seventh, Ninth Circuit, and this court, has said that in a case like this, there are two positions, pre-litigation and litigation. A pre-litigation kind of sounds a little wrong because this was the position the government maintained after the lawsuit was filed all the way through until the court granted the motion to compel and this appraisal, faulty appraisal, was discovered. And we learned for the first time that the improvements were not included, that now it's on dispute with $2 million, $2 million. And I'll direct the court, and I want to answer the question, Judge, but if the court can look to Joint Appendix 154, and that's where all the appraisal, all the improvements are listed, done by legitimate appraisal, the third appraisal that the government was forced to do. But in any event, there are two positions. And as Commissioner versus Gene, which this court relied, and it's Thompson versus Sullivan, which the district court did not cite, says that the position of the government means, and this is pursuant to the 1985 amendment passed by the Congress, position means the pre-litigation position and the litigation position. And if either one is not substantially justified, that is a predicate for fees and costs. How can you say either, though, if we have to look at the totality of the circumstances? Well, I think that's true. It is. But that's really in a case where there's multiple issues, like in the Roanoke River case that this court decided, where the government prevailed on all issues and the litigant prevailed on one relatively insignificant issue. And the court said, well, look at the totality. The government was justifiably justified, substantially justified in its total position. But in this case, we know that there are two positions. The position of the United States means two, pre-litigation and the government has to be honest in both cases. And if they're not, the litigant is entitled to fees. Here's what Thompson said that this court held. After prevailing in the underlying suit, a petitioner may rely on either a pre-litigation position or a position taken during litigation as a predicate for fees. Where the government has taken a substantially unjustified pre-litigation position, the government is liable for fees for the entire case. If I could go back for a moment and take a second shot at making my question comprehensible, because I think it helps you. It would help me if you could point me in the record to evidence to substantiate an argument that it was the government's pre-litigation position that caused you to go to trial, that you might have settled had the government made a reasonable pre-litigation proffer. And if you would, I'm asking what may be a record-intensive question, and you're certainly welcome to come back to it on rebuttal rather than taking your time now. But that is a question I have that I do think would inure to the benefit of your client, if you could help me answer. All right.  First, let me say that the Equal Access to Justice Act says nothing about the position of the citizen. It doesn't matter how unreasonable or reasonable the position of the citizen is, it focuses only on the government. It's got to be honest. It's got to be fair. It's got to be just from the get-go. And it cannot take an unreasonable position in a condemnation case and try to get the land on the cheap, then do a switcheroo and become reasonable at trial and cure, as the Seventh Circuit, I believe, can't cure there. But let me just say this. In the record below, labeled Exhibit C, that's not in the Joint Appendix, and I'll be glad to supplement the record, but I don't think it's important because the position the litigant takes is not at all relevant to this issue. But here GSA sent a letter on October the 19th to the principal owner, Granby, and it says we acknowledge that you offered to settle this case for $8.4 million and we turned it down. So there was negotiation. They tried to settle the case. But it is the government that brought this lawsuit. The litigant didn't institute this lawsuit. It didn't cause the litigation. It was the government that brought the lawsuit. And it did switch its position later on on the eve of trial and offered to settle the case for $9.4 million. But that was after over $800,000 had been spent by the landowners and attorneys. And that could have all been prevented had the government taken a reasonable and honest position on the appraisal in the first place. Reasonable and honest is exactly right, Your Honor. That's what my question was going to be. Absolutely. And that's what the equal justice, that's what Roanoke Rivers said. There are two reasons the Congress enacted the Equal Access to Justice Act. One is to level the playing field as best it can when you're up against the government. And the second reason was to keep the government honest so that when the government takes a position, it's an honest, fair, just position from the get-go. And even Roanoke Rivers said, this court said, even you ought to sweeten the pot just a little bit more to get the case settled. Pay the landowners so you can avoid litigation. In this case, in this case, let me refer the court to JA 253. This is a cover letter that was submitted by the appraiser to the Department of Justice. There were two appraisers. Both of them were faulty. And here's what the appraiser said. The property consists of 1.6 acres of vacant land. Vacant is somewhat misleading, somewhat, in that site improvements were well underway when construction was stopped. However, as directed, we are considering the property as vacant. And so they disregarded $2 million of improvements. And that's why the appraiser was so low. Well, why don't, I mean, in the interest of completeness, why don't you circle back and talk to me about how we view this through the lens of the deferential standard of abusive discretion. Well, it is an abusive discretion where it is admitted that the pre-litigation position was substantially unjustified. And as the Supreme Court said in Gene, as what this court said in Thompson v. Sullivan, either one justifies fees. The court just can't say, well, I know it's unjustified. Are you saying that an error of law is, by definition, an abusive discretion? Yes. Is that what you're telling me? Absolutely. Error of law or, in this case, error of fact, because here's what the district court said. Well, you should have settled this case because, for whatever reason, but you did not rely upon the Equal Access to Justice Act. Well, there's nothing to say you didn't rely. That's not part of the law. Citizens don't have to rely. The law is there. It's a right. It's a benefit passed by Congress. And Congress said and the Supreme Court said there are two positions in this pre-litigation and you've got to be right both times. And you can avoid this, the government, to the government, just by being fair, just by having a justifiable position from the get-go. And that's what we expect of our government. We have a right to demand that of our government. And it didn't happen in this case. And there's no requirement that the citizen prove that they relied. Now, I guess you could have passed a law, Congress could have said, or if you want to have access to Justice Act benefits, you've got to state to the court you're relying on it. But it didn't say that. And, of course, it would have been foolish to say that because you don't know until the litigation is over which is the prevailing party and you don't know until the litigation is over whether the government's position was substantially justified or not. So that's just not part of it. The district court was just wrong in saying that you had to rely upon the Equal Access to Justice Act. And he said the citizen forced the litigation. Well, they didn't force anything. It was the government that was bringing the lawsuit. All we did is stand there and take it and do the best we can. I really believe in a situation where a landowner is told by the government, we're going to take your property and here's how much we're going to offer you. Landowners say, I'm not going to take anything. Whatever you offer, I'm going to refuse because I want a jury to tell me what is just compensation pursuant to the Fifth Amendment. And to go to trial. And the landowner takes a stand. He testifies to the jury how much he thinks the land is worth. And the jury gives him that amount. And then we turn around and look and we see the government's position was flawed because they concealed stuff or didn't do the appraisal right or whatever it is. They're not justified. And the landowner's prevailing party. Now, we could say he took an unreasonable position. He wouldn't consider anything the government offered. But he was prevailing and the government was not substantially justified. He's entitled to the benefits provided by Congress and the Equal Access to Justice Act. Thank you very much, Mr. Wilkins. You have some time. Thank you very much. Thank you. May it please the court. My name is Joan Pepin on behalf of the United States. Neither party has challenged the district court's underlying findings in this case that the government's pre-litigation position was not substantially justified and that the government's litigation position, its position throughout the litigation, was substantially justified. And if I could sort of tell you what my question is and then you can work it into your response as you wish. But what concerns me is that we have held that when a government's unreasonable pre-litigation position forces the suit, then the petitioner may recover fees for the entire suit even if the government's litigation position was reasonable. So if you could work into your response. Absolutely, Your Honor. Helpfully with respect to that precedent, I would appreciate it. Certainly, because that's the heart of the case and we don't disagree with that principle. The district court applied the correct legal standard. This court laid down guidance in the Roanoke River Basin case about how a court should resolve the overall substantial justification finding when it's got a mixed bag. The government's position was partially justified and partially not. And what this court directed district courts to do in Roanoke River Basin is to look at the totality of the circumstances and to examine the effect or the impact that the unjustified portion, phase, issue, whatever, the unjustified position had on the civil action in its entirety. The district court faithfully applied that precedent to this case. And looking at the totality of the circumstances in this case, the facts, and looking at the effect that the government's pre-litigation valuation had on this overall lawsuit, found that there was effectively no impact. It was the case, given the stance of the parties in this case, that even if the government had offered its litigation valuation of $9 million, which the district court found was highly reasonable and the appellants had not challenged that finding, if we had offered that at the outset of this litigation, nothing would have changed because the appellants were pursuing a position that this property should not be valued as is, but should be valued as if it contained a 31-story luxury condominium retail and office complex. And that was what the parties litigated, and they were ultimately not able to bring that theory to trial, but that only came about a few weeks before trial. So the district court found, on the facts of this case, that the government's unreasonable or unjustified pre-litigation position did not force them to trial. They went to trial because they had an opinion that their property was worth $36 million. That's a factual determination that's in the district court's discretion to make. I think it's eminently correct and supported by the record in this case, given that when we did exchange expert appraisals on December 1st, which was actually five months to the day after the commencement of this litigation and over five and a half months before the beginning of the trial, so it wasn't on the eve of trial, we offered them $9 million or stated that our valuation was $9 million. The litigation continued. So clearly a reasonable valuation would not have prevented the litigation. That was on the eve of trial, though, after the government's initial appraisal based on vacant land, and then you go through months of fighting back and forth on the eve of trial. It's not reasonable to expect that they're going to really believe anything you're offering at that point. Your Honor, but that's not the facts in this case. It was not on the eve of trial, first of all. It was closer to the complaint than it was to the trial. I'm sorry. I must have misunderstood you. This exchange happened on December 1st. The complaint was filed on July 1st. Those are both 2010 dates. And then the trial was in mid-May 2011. So it was well before. The other thing that the district court was in a position to know since he was there is that the litigation up until that point, the appellants have said that we litigated on the basis or that we took that position through the first half of the litigation. That's not supported by the record. The record indicates that the litigation through the first several months was, first of all, the first judge had to recuse himself, as did all the judges in the Eastern District of Virginia, since the property was taken for the benefit of the Eastern District of Virginia. Another judge was assigned by this court. Then there was some litigation about adding defendants, dismissing defendants. There was a good deal of litigation about when these expert reports would be exchanged, who would go first, that sort of thing. The parties did not begin attacking each other's valuations until after the exchange of expert reports on December 1st. So the district court knew, since it knew all this, that the government's pre-litigation valuation didn't really impact the litigation. The heart of the appellant's argument is that they were forced to litigate. That's their position. And I understand Your Honor's question that you do want a court to be able to award fees for the entire litigation if the government's pre-litigation position forces the parties to litigate. This court's existing precedent in Roanoke River Valley, sorry, Roanoke River Basin, already provides for that result in the appropriate case. Again, the district court's duty is to examine the totality of the circumstances and the impact of any unjustified position that the government took. If, for example, in the typical benefits case, the Social Security case, if the government denies the benefits and it is not only wrong but not even justified in doing so, then that is, a district court would reasonably find that that unreasonable conduct, the effect of that conduct was everything that followed from it. But it's a factual finding that district courts certainly have the discretion to make and the appropriate fact pattern undoubtedly would make, but the fact pattern in this case simply does not support that conclusion. I want to try to understand, because I don't right now, the $9 million appraisal that I believe was obtained in July? It was contracted for, I believe, in July, which is another factual issue I'd like to clear up. I'm trying to figure out what the delay was in providing that appraisal to the appellant. I believe that followed a fairly standard procedure. You can't obtain a valuation as of July 1st until at least July 1st, and then, of course, it takes some time for the appraiser to conduct that appraisal. It's actually in the appendix, I believe, page 265 and following. You can see the memorandum of understanding between the General Services Administration and the Justice Department arranging to contract for these new trial appraisals. So then when did the government obtain that, finally get the appraisal? I don't know the exact answer to that question. I can give you a range. Okay. We know from page 100 in the joint appendix. What happened was the appellants wanted to obtain our pre-litigation valuation, and we were willing to give it to them, but we were willing to give it to them on the date that the court had set for the exchange of expert disclosures. They wanted to get it earlier. We lost that issue before the magistrate judge. The district court judge said that he might have decided differently, but it wasn't so clearly erroneous that he was going to overturn the magistrate judge on that pretrial ruling. And there, we know that the government, and this was done November. The hearing was November 22nd, and we said that it was not complete at that time. However, we did exchange them on December 1st as the court ordered. Both parties always knew that these new appraisals were coming. We'd always represented that we were going to produce a trial appraisal. They had always represented that they were going to produce appraisals. So the allegation that we only changed position after we had to disclose the pretrial allegation is simply inconsistent with the record. And so where is it in the record that you're saying that the appellants always knew that you were going to have a different appraisal? Well, the parties filed a lot of motions about when these things were going to be disclosed, about the date and the proper order for expert disclosure, and who bore the burden, and that's what they're fighting about is the new appraisals. And this transcript reveals everybody's awareness that there were going to be new appraisals. And again, the district court, who made these factual findings, was also aware that everybody knew this was the case. Are there any other questions? Have I answered your honest question about whether the pre-litigation position could have provided them with their motivation to go to trial? I believe I understood your response. And I respect that this is we have taken somewhat inconsistent positions in our precedent, but we do overall adopt a totality of the circumstances approach. And do you argue, I think, with justification that the trial court was in the best position to make that determination? Absolutely, Your Honor. Great. Well, then unless there's any other questions, I can answer for the court. Thank you very much. Thank you. Thank you. The government hired an appraisal in October of 2008, and the first appraisal was done based upon the government's direction, do not include these $2 million worth of improvements. Another appraisal was done a year later in October of 2009, same direction, do not include the improvement. That's where the $6,175,000 final pre-litigation appraisal, and that's what they offered to the landowners to settle the case for. I don't think it's important, but now that I've heard the government's argument, I do want to again emphasize the court is in the record below, essentially number 152. It's a letter from GSA saying we understand you have offered to settle the case for $8.4 million. This is before the lawsuit was filed. It was rejected by the government, and the government then brought the lawsuit. We didn't bring a lawsuit. We're just taking it now, and I think the court pointed out, and it was on the eve of trial when the $9.4 million offer was made. Now, while the appraisal of $9 million, the legitimate appraisal, was done some few months later, I mean earlier, the offer was not made until the eve of trial, and the client rejected that. We already had over $800,000 invested in the case, and we knew at that point that at least the jury was going to give them $9 million. They're not going to give them lower than the government, and our appraisal then was at $16 million, and the jury awarded some $13.4 million, as I recall, which rendered us the prevailing party. Now, the Equal Access to Justice Act language is very important. It says the court shall award, not may award. It shall award if the litigant, the citizen, is the prevailing party  And if a district court makes those findings, and it did in this case, it's not even disputed by the government, then it is a gross abuse of discretion not to honor the decision of this court, United States Supreme Court, and award fees and costs. You have to do it. Now, you have discretion as to the amount of what's reasonable, but not as to the entitlement. It's there. It's a given right by Congress, and this was denied by the district court. And the district court didn't reach the additional element, though, did it, the no special circumstances? It did not. The master judge did and said, of course, there's no special circumstances here. There's nothing novel. This is run-of-the-mill land condemnation case. And the district court did not reach it, and I beseech this court not to send it back and ask the district court to make findings because the record is clear. There are no special circumstances, special conditions in this case. I mean, it's not a novel issue. It's just nothing there in the record. And I understand this court doesn't find facts a lot of times, but I think in a matter of law, you can look at the record and say there are no special conditions in this case. The real issue, and the only issue that the government has really been litigating about, is whether or not the court was correct when it said, well, the pre-litigation position was not substantially justified. Litigation position was. So, therefore, I'm going to say under the totality of circumstances, it was reasonable. That's wrong. It's dead wrong. Thompson v. Sullivan, this court said it's wrong. The United States Congress said it's wrong. And Gene, Commissioner v. Gene, said you don't do that. You can rely on either position, pre-litigation or litigation. I just have to end by saying this. You can search the case law from every circuit, and you will not find a case where the government's conduct was more egregious than this case. Thank you very much. Thank you. The court will come down and brief counsel and take a short recess. This honorable court will take a brief recess.
judges: Allyson K. Duncan, Stephanie D. Thacker, Gina M. Groh